STANGE ET AL. V. HILL & WEST DUBUQUE STREET RAILWAY COMPANY.

| 54 | 669 |
|-----|-----|
| 118 | 295 |

| 54 | 669 |
|-----|-----|
| j141 | 602 |

1. **Municipal Corporations:** FEE OF STREET: DEDICATION TO PUBLIC. The designation of a certain street upon the plat of an addition to the city of Dubuque, made under the provisions of the Code of 1851, held sufficient to constitute a dedication of the fee of such street to the public.

2. ———: USE OF STREETS FOR STEAM RAILWAY: DAMAGES. The construction of a street railway for operation by steam power is an illegal use of the street, which renders the owners of such railway liable in damages for special injury caused thereby to adjoining property. *Stanley v. The City of Davenport, ante,* 463, followed. ADAMS, CH. J., *dissenting.*

*Appeal from Dubuque Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION to recover possession of a certain street in the city of Dubuque, and for damages alleged to have been sustained by the wrongful use of the street. The plaintiffs are the owners of a certain lot in the city of Dubuque, fronting upon what was formerly called Eighth street, but now Julien avenue. Upon this lot are two brick and one frame house.

In 1877, the city council of the city of Dubuque passed an ordinance authorizing the defendant, a corporation incorporated under the name of Hill & West Dubuque Street Railway Company, to construct and maintain a street railway along Julien avenue, and to operate the same by either horse or steam power. The ordinance provided that tracks should be put down in such a manner, and on such level, as should be best adapted to the use of horse or steam power, but should be constructed in such a manner as to obstruct the street as little as possible. Soon after the passage of the ordinance the defendant constructed a street railway along Julien avenue, and from the time of construction has operated the same by steam power.

The plaintiffs claim to own the fee to the center of the

street, and upon such claim they base their right to recover possession of the street. They also aver that the defendant has raised a large embankment for a road-bed between the centre of the street and their lot, whereby their premises have been greatly damaged.

The court held that the plaintiff did not own the fee to the center of the street, and directed a verdict for the defendant. The plaintiffs appeal.

*S. M. Pollock*, for appellant.

*S. P. Adams* and *E. McCeney*, for appellees.

SEEVERS, J.—The lot in question is lot 49 in Coriell's addition, and is a part of out-lot 702. Julien avenue runs along the north side of the out-lot. Lot 49 is in the northeast corner of the out-lot. So both the out-lot and lot 49 front upon Julien avenue. The out-lot and Julian avenue were laid out by commissioners of the United States under an act of Congress. The public acquired only an easement in the street, the fee to the centre of the street being appurtenant to the lots adjacent. *City of Dubuque v. Maloney*, 9 Iowa, 450. The appellant insists that after the subdivision of the out-lot 702 the fee to the centre of the street remained appurtenant to the sub-lots fronting on the street. Whether it did so, constitutes one of the principal questions in the case. The subdivision of the out-lot was made by one Charlotte Coriell, who was the owner at that time. The plat was duly executed and recorded, and there was indorsed thereon the following dedication:

*1. MUNICIPAL corporations: fee of street: dedication to public.*

DUBUQUE, IOWA, 7th of June, A. D. 1854.

"The disposition of my land as shown by this plat is made with my free consent and in accordance with my desire, and I hereby, for the purpose of public highways, dedicate to the public the streets and alleys hereon indicated.

"CHARLOTTE CORIELL."

Upon the plat Julien avenue, then called Eighth street, is indicated only by the words "Eighth street" written along the north line of the sub-lots. The clear indication is that the north line of the sub-lots is the south line of Eighth street, but the north line of Eighth street is not shown.

The question presented is as to whether Charlotte Coriell parted with the fee in Eighth streeet, by reason of the dedication. The land was platted under the Code of 1851. Section 637 of that Code provides that a plat made in accordance with the provisions of the statute should, when duly acknowledged and recorded, be "equivalent to a deed in fee simple, of such portion of the land as is therein set apart for public use." That Charlotte Coriell parted with the fee in the streets which are fully described and embraced in the plat is unquestionable. The difficulty in determining whether she parted with the fee in Eighth street arises from the fact that the street is not fully described upon the face of the plat. The statute provides that the plat shall describe the breadth and courses of the streets, and that the breadth shall be designated in feet and inches when practicable.

But the plat in this case could not properly embrace the whole of Eighth street, because the dedicator had no title to the north half of the street; nor would it have been proper to indicate by a line upon the plat the centre of Eighth street. The plat could not well have been different, except by the omission of the words "Eighth street." If those words had been omitted, we should be inclined to think that the dedicator did not intend to part with the fee in Eighth street. But by the use of the words it appears to us that she did. To the objection that the north line of Eighth street does not appear upon the plat, it is sufficient answer, we think, to say that by the use of the words "Eighth street" an unmistakable reference is made to the original plat of the city, which showed the north line of the street. The dedicator says by an indorsement upon the plat: "I hereby, for the purpose of public highways, dedicate to the public the streets and alleys hereon

indicated." Eighth street, by what is shown, and by what is referred to, is clearly indicated.

The appellant insists, however, that the dedicator could not be presumed to intend to dedicate to public use what was already dedicated. To this we think it may be said that as the fee to the center of the street remained in her, it was within her power to make a more complete dedication, and such as the statute contemplates shall be made, when plats are made, acknowledged and recorded under the statute.

Whether if the plaintiffs owned the fee to the center of the street, as they claim, they could have judgment for possession in accordance with the prayer of their petition, we need not determine. Their claim to the fee, we hold, is not well founded.

It remains to be considered whether the fact that the plaintiffs did not own the fee will necessarily preclude them from 2.——: use the recovery of damages. The court below held of streets for steam rail-that it would, and excluded all evidence of way: dam-ages. damages. In this, we think the court erred. The plaintiffs' claim is not based upon the ground merely that they have been kept out of possession, but that the defendant has made such use of the street as to impair the value of the use of their premises.

It is not averred or shown that the defendant was guilty of negligence, or unskillfulness in the construction or operation of its road. Without such averment and proof the plaintiffs cannot recover, provided the defendant had a legal right to construct and operate its road along said street. But in our opinion the defendant did not have such right. This question was determined in *Stanley v. The City of Davenport*, *ante*, 463.

Where a person sustains a special injury by reason of the unlawful use of a public highway, the wrong-doer becomes liable in damages. *Park v. The C. & S. W. R. Company*, 43 Iowa, 636.

The plaintiffs offered evidence as to loss of rents. The

court excluded the evidence, upon the ground that no damages were recoverable. Whether this loss of rents would be the proper measure of damages, would perhaps depend upon cir-cumstances. No question as to the proper measure of damages is raised or argued, and we forbear to express an opinion. In holding that no evidence of damages was admissible, we think the court erred.

REVERSED.

ADAMS, CH. J., dissents upon the ground expressed in his dissenting opinion in *Stanley v. The City of Davenport.*