STANGE ET AL. v. THE CITY OF DUBUQUE.

1. **Constitutional Law:** POWER OF LEGISLATURE TO LEGALIZE VOID ORDINANCE. Where a city acting under special charter has passed an ordinance which is void, because not authorized by its charter, and the legislature could not grant power to the city to pass the ordinance without violating article 3, section 30, of the constitution, which inhibits local or special legislation in certain cases, *held* that the legislature could not indirectly accomplish the same result by an act validating the void ordinance, and that an act passed for that purpose was unconstitutional.

2. **Cities and Towns:** RAILWAYS ON STREETS: POWER OF CITY UNDER SPECIAL CHARTER. Under § 464 of the Code, as affected by chapter 96, laws of Eighteenth General Assembly, a city acting under a special charter has no power to authorize a railway company to use a street for railway purposes, without compensation to the owners of lots abutting upon the street.

3. **Railways on Streets:** DAMAGES TO LOT OWNERS: EVIDENCE. In an action against a city to recover damages for allowing a street to be used for railway purposes without compensation to the owners of abutting lots, evidence that by the operation of the railway travel had been diverted from the street was admissible, for the purpose of showing that the rental value of property on that street had been diminished.

4. **Error Cured by Subsequent Ruling:** NO PREJUDICE. Where the effect of an alleged error is cured by a subsequent ruling in the case, no prejudice results, and it is no ground for reversal.

5. **Practice in Supreme Court:** RECORD FOLLOWED. A position taken in argument in a law case, which does not pertain to and is not based upon any ruling of the court below, will not be considered.

*Appeal from Dubuque Circuit Court.*

SATURDAY, DECEMBER 8.

THIS case is a continuation of that of Stange v. Hill & West Dubuque Street Railway Company, 54 Iowa, 669. Upon the remanding of the foregoing case to the court below, the plaintiff filed an amended and substituted petition, making the city of Dubuque a party defendant, and claiming of said city damages for authorizing and permitting Julian avenue, in said city, upon which plaintiff's property abuts, to be occupied by a street railway operated by steam, to the

plaintiff's damage. The defendant answered, denying all the allegations of the petition, and alleging, in substance, that the legislature of the state of Iowa had legalized the ordinance of the City of Dubuque, granting to said company authority to occupy said street. The plaintiff's demurrer to the affirmative portion of this answer was sustained. The cause was tried to a jury, and the trial resulted in a verdict and judgment for the plaintiff for $675. The defendant appeals.

*James H. Shields*, for appellant.

*Pollock & McNulty*, for appellee.

DAY, CH. J.—I.    The City of Dubuque, operating under a special charter, on the 28th day of April, 1877, passed an ordi-

1. CONSTITU-
TIONAL law:
power of leg-
islature to
legalize void
ordinance.

nance conferring upon the Hill Street and West Dubuque Street Railway Company authority to construct upon certain streets in the city, including Julian avenue, a street railway, and to operate the same with either steam or horse power. In *Stange et al. v. Hill & West Dubuque Street Railway Company*, 54 Iowa, 669, it was held, following *Stanley v. City of Davenport*, 54 Id., 463, that the city had no power to pass this ordinance. The Eighteenth General Assembly of the state of Iowa passed an act, approved March 24th, 1880, which is as follows: "That the ordinance of the city council of the city of Dubuque, passed April 28th, A. D., 1877, granting to the Hill & West Dubuque Street Railway Company right of way for its railroad on certain streets of said city, mentioned in said ordinance, be and the same is hereby validated, and made as effective in law as if said council had full power and authority to pass the same at the time said ordinance was passed." The defendant relies upon this curative statute. The plaintiff insists that it is unconstitutional. The defendant concedes that no express power is given to the city of Dubuque by its charter to authorize the occupancy of its streets by railroads operated by steam. The appellant contends that "the power of the legislature to ratify a contract

entered into by a municipal corporation for a public purpose, which is *ultra vires*, results from its power to have originally authorized the very contract to be made." This proposition we concede to be correct. Could the legislature, then, have passed an act authorizing the city of Dubuque to pass the ordinance in question? Article 3, section 30, of the constitution provides: "The general assembly shall not pass local or special laws in the following cases:

"For the assessment and collection of taxes for state, county or road purposes;

"For laying out, opening and working roads or highways;

"For changing the names of persons;

"For the incorportion of cities and towns;

"For vacating roads, town plats, streets, alleys or public squares;

"For locating or changing county seats.

"In all the cases above mentioned, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state." It has been held that this section of the constitution prohibits the passage of a special law for the amendment of the charter of a city. *Ex parte Pritz*, 9 Iowa, 30; *Davis & Bro. v. Woolnough*, Id., 104; *Hetherington v. Bissell*, 10 Id., 145; *Baker & Griffin v. The Steamboat Milwaukee*, 14 Id., 214; *Town of McGregor v. Baylies*, 19 Iowa, 43. As the legislature could not, by special act, have authorized the city of Dubuque to pass the ordinance in question, it follows that it cannot, after the passage of the ordinance, legalize it by a special act. The legislature cannot do indirectly what it is inhibited from doing directly.

II. Section 464 of the Code confers upon cities, acting under the general corporation law, power to authorize or forbid the laying of tracks for street railways on its streets. By chapter 96, laws of the Eighteenth General Assembly, approved March 23, 1880, this section is made applicable to cities acting

2. CITIES and towns: railways in streets; power of city under special charter.

under special charters. It is claimed that, under this legislative authority, the city of Dubuque may authorize its streets to be used by a railway. But section 464 authorizes such use of the streets only upon payment of the damages to the property owners. The ordinance in question does not require such payment, nor make the authority to occupy the street conditional upon making such payment. Section 464 of the Code does not, we think, affect the rights of these parties.

III. The defendant complains that the plaintiffs were allowed to prove that the operation of the motor had diverted

3. RAILWAYS on streets: damages to lot owners: evidence.

travel from the street. This was done simply for the purpose of showing one of the ways in which the rental value of the property had become diminished. The court specifically instructed the jury that the plaintiffs were entitled only to the actual loss of rent, and that they could recover no other damage. Under the instructions, the admission of the evidence complained of was not prejudicial to the defendant.

IV. The defendant complains of the action of the court in striking out a portion of the answer of Tschrigi, the city

4. ERROR cured by subsequent ruling: no prejudice.

engineer, that a certain red line upon the profile of Julian avenue was the only grade marked upon the profile. The effect of this testimony is obscure, and is not clearly shown by the argument. We cannot say that in this action there was such error as should reverse the case. It seems that the witness afterward explained fully what was shown by the red line, and that plaintiffs' objection to the testimony was overruled.

V. The only instruction of the court of which the defendant complains is, that plaintiff could recover damages for a time extending from the building and operation of the road down to the filing of the amended petition. The defendant insists that, during a portion of this time, after the passage of chapter 96, laws of the Eighteenth General Assembly, the city had the right to authorize a street railway to use steam in

its streets. But the city could not authorize such use without the payment of damages to lot owners.

VI. It is claimed incidentally, though not in consideration of any instruction or ruling of the court, that the city cannot be held liable for damages arising from the exercise of powers conferred upon individuals, without authority of the city charter. In support of this position 2 Dillon's Mun. Corp., Sec. 563, is cited. Inasmuch as this claim does not pertain to and is not based upon any ruling of the court below, we do not deem it proper to consider it. We discover no error in the record.

5. PRACTICE in supreme court: record followed.

AFFIRMED.