(Decided 4th January, 1887.)

---

MARIA F. PHIPPS, Surviving Adm'r of ROBERT STARR, and others *vs.* THE WESTERN MARYLAND RAILROAD COMPANY, and THE WESTERN MARYLAND RAILROAD TERMINAL COMPANY.

*Legislative power—Condemnation of property for Railway purposes—Damages to Adjoining proprietors by Use of the Bed of a street for Railway tracks—What damages are included.*

The complainants were the equitable owners of the leasehold interest in a lot of ground fronting on a public street in the City of Baltimore. A railroad terminal company was incorporated by Act of the Legislature, with power "to provide ample yards and depot and other terminal facilities for the business of the W. M. Railroad Company, and the erection of the necessary structures thereon, and the laying of rails thereon, and the connection of the same with all tracks in use by the said Railroad Company." A triangular portion of the complainants' lot was condemned for the use of said Terminal Company, under a jury of inquisition, and compensation was assessed to the owners of the tract or parcel of land from which said triangular lot was taken, for the value of the lot and for the other damages which they would sustain by the taking of the land in fee-simple by the corporation for its uses under their charter. On a bill filed by the complainants for an injunction to re-restrain the Terminal Company from maintaining, and the Railroad Company from using certain tracks over the sidewalk and in the bed of the street in front of that portion of their lot which had not

been condemned under the inquisition, connecting said triangular lot with the tracks of the Railroad Company, it was HELD:

1st. That the Legislature had not the power to authorize the Terminal Company to take the property of the complainants without compensation, and the statute by which it was incorporated, did not exempt the company from responsibility for injuries it might inflict upon them in the construction of the tracks.

2nd. That the injury done to adjoining proprietors would be the same for obstructing access to their places of business, whether they owned the bed of the street in front of their lots on which the tracks were laid, or not.

3rd. That the damage resulting to the complainants from the laying and using the tracks in front of their property was included in the compensation awarded them by the jury of inquisition, it being essential to the use of the triangular lot, that the Terminal Company should have access to it by means of the tracks in question, and therefore the bill of complaint could not be sustained.

APPEAL from the Circuit Court of Baltimore City.

This case arises upon a bill filed by the appellants for an injunction to restrain the appellees, the one from maintaining and the other from using certain railway tracks, laid partly on the sidewalk and partly on the carriage way in the bed of the street in front of the complainants' property. The bill was dismissed by the Court below, (BROWN, C. J.,) and the complainants appealed. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*Frederick W. Story,* and *Edward Otis Hinkley,* for the appellants.

*John Gill, Jr.,* and *Thomas W. Hall,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

The Act of 1882, chapter 196, incorporated The Western Maryland Railroad Terminal Company. By the sixth section of the Act, certain powers are conferred on the corporation which are described in these words: "to provide ample yards and depot, and other terminal facilities for the business of the Western Maryland Railroad Company, and the erection of the necessary structures thereon, and the laying of rails thereon, and the connection of the same with all tracks in use by the said railroad company." Under an inquisition authorized by the seventh section of the Act, a certain lot of ground in the City of Baltimore, was condemned for the use of the corporation. We are required to determine the effect and legal consequences of this condemnation. The complainants below (who are now appellants,) were the owners of an equitable leasehold interest in two lots of ground on the west side of Buren street; and from the tract a parcel of land formed by these lots, a small triangular section was taken and condemned under the inquisition. The sheriff's return shows that the jury was sworn to value the said triangular lot and the improvements on it, and the *other damages* which the owners would sustain by the taking of the land in fee simple by the corporation for its uses under its charter; and the inquisition itself shows that the jury made an estimate both of the property, and the other damages which would result to the owners from the taking of it. They assessed twelve hundred and thirty-three dollars to the leaseholders, and two dollars to the reversioners. By agreement the amount to be paid to the leaseholders was increased to twenty-one hundred dollars, and the inquisition was ratified by the Superior Court of Baltimore. This sum has been duly paid by the corporation. The requirement that the jury should estimate both the value of the land, and the other damages which the owners would sustain from taking it, was made neces-

sary by the seventh section of the Act of Incorporation,
(1882, chapter 196.) The Terminal Company took pos-
session of the triangular lot, and laid railroad tracks over
the sidewalk used by foot passengers in front of. a portion
of the leasehold property which had not been condemned
under the inquisition, and also over the carriage way in
the bed of Buren street in front of the same property.
These tracks connected the triangular lot with the tracks
of the Western Maryland Railroad Company; and the
locomotive steam-engines and cars of this company, daily
pass over them in the course of its ordinary business.
The complainants contend, that the laying of these tracks
by the Terminial Company is unlawful, and that these
two corporations are engaged in a transaction injurious to
their rights of property, and working them irreparable
damage, inasmuch as one unlawfully maintains, and the
other unlawfully uses railroad tracks laid without warrant
of law, and so constructed as to prevent them from using
their property as they have a right to use it, in the pro-
secution of the business to which it is adapted. The Act
of Assembly gave the power to connect rails laid on the
lot in question, with all tracks used by the Railroad Com-
pany, as fully as it was competent for the Legislature to
bestow it. Its power to regulate the use of all public
ways cannot be questioned. It has conferred on the
municipal government of the City of Baltimore, ample au-
thority over the streets of the city, but it retains the right
to abridge or modify this grant of jurisdiction at its
pleasure. It is well settled that the political corporation
is merely an instrumentality appointed to aid in adminis-
tering public affairs; and that it is subject to the control
of the Legislature. Although an Article of the Constitu-
tion is devoted to a statement of its franchises, the con-
cluding section of the Article expressly authorizes the
Legislature to change all it provisions, with one exception,
which it is not now important to notice. But it is beyond

question that the Legislature has not the power to authorize the Terminal Company to take the property of the complainants without compensation; and the statute does not exempt this company from responsibility for injuries which it may inflict on them in the construction of these tracks.

The case of the *Baltimore and Potomac Railroad Co. vs. Reaney,* 42 *Md.,* 117, shows with great clearness that a private corporation may be using the streets in a lawful manner, and in pursuance of a lawful authority, and yet it must be held liable for damages which actually result from such use. If Buren street was opened in the manner most usually adopted in the City of Baltimore, a public easement was condemned for the ordinary purposes of a street, and the owners of the fee were compensated for it. When the tracks of the Terminal Company were laid in the bed of the street, (on sidewalk and carriage-way,) a new burden was imposed on their estate, above and beyond the original servitude to which it was subjected at the time the street was opened. The property was put to a use entirely different from that required by the public in the case of a street. The amount of injury caused to the owners of the fee, by a new appropriation of this kind would in most cases be exceedingly small. When their land is taken for a street, they can make no private or personal use of its surface as long as the street is in existence; but if it should ever be closed, their right of possession would be fully restored. And when it is restored to them, they will find it encumbered by railway tracks. It is the prospect of the closing of the street which gives the actual value to the fee. The constitutional question, however, does not depend on the amount of damage done, but on the rights of ownership. The damage done by the tracks and their use is a matter entirely different from the invasion of the realty, and the impairment of its usefulness to its owners, by the imposition

of a new servitude.   The injury done to adjoining pro-
prietors would be the same by obstructing access to their
places of business whether they owned the bed of the
street or not.   The taking of property without compensa-
tion is forbidden by the Constitution of the State; and the
payment of damages for injuries inflicted is required
both by the common and statute law.   By the .inquisition
in this case, the triangular lot was condemned for the
purposes of the Terminal Company, and compensation
was assessed to the owners of the track or parcel of land
from which it was taken; not only for the value of the lot,
but for the other damages which they would sustain by
the taking of it.   The lot was not acquired for the pur-
pose of building a warehouse or a dwelling; but distinctly
and avowedly that rails might be laid on it, and that they
might be connected with all tracks in use by the Western
Maryland Railroad Company.   Without this right of con-
nection, the lot would be useless to the Terminal Company.·
To deprive the corporation of this right would be like de-
priving it of the lot, in fact, it would be equivalent to a
sequestration; inasmuch as it would take away all benefi-
cial use of the property.   When the Terminal Company
paid for this lot so acquired, it had a just and reasonable
expectation that it should be allowed to use it for the law-
ful purposes of its business, according to its chartered
rights.   It could not be used without access to it by
means of tracks; and we think that they acquired from the
former owners this right of access, as far as they could
grant it.   It is also clear to us that they paid these
owners all damages which were caused by the laying of
the tracks.   If we are correct in these positions, we must
approve of the dismissal of the bill of complaint by the
Circuit Court.

It will be perceived that we have considered the ques-
tions in the case, as if the complainants owned the fee in
the bed of Buren street.   The record however does not in-

form us who are the owners of this fee. It is well known that in the City of Baltimore, in many instances, the beds of the streets are owned in fee, by the Mayor and City Council; and in a great number of other cases, the fee is vested in the original owner of the land, or his heirs, and does not belong to the owners of lots abutting on the streets. So far as this record shows, the complainants hold only an equitable leasehold estate in ground fronting on Buren street. We, of course, must not be understood as intimating that they would not have ample redress for injury to this interest, if they had shown that their rights of property had been invaded. And we do not wish to be understood in anything which we have said as referring to any damages which may be caused, if there should be an unreasonable, improper or extraordinary use of the street by the appellees.

> *Decree affirmed,*
> *with costs.*

(Decided 4th January, 1887.)