THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. JOHN E. WOODWARD, SR.

1. NEW TRIAL — *Harmless Error.* The introduction of immaterial evidence, which is not prejudicial to the rights of the defendant, is not sufficient ground to grant a new trial.

2. EMINENT DOMAIN — *Instructions.* Upon the trial of an appeal from the award of commissioners appointed to condemn a right-of-way for a railroad company along a highway, it is not error for the trial court to instruct the jury that they are not to take into consideration any benefits which might accrue to the plaintiff, by reason of any change in the location of such public highway.

3. DAMAGES, *not Excessive.* The evidence considered, and found that damages awarded by the jury are not excessive.

*Error from Saline District Court.*

THE facts sufficiently appear in the opinion.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Joseph Moore,* for defendant in error.

Opinion by GREEN, C.: This was an appeal from an award of condemnation proceedings to the district court of Saline county. One dollar was awarded as damages to the owner of the northwest quarter of the southwest quarter of section 5, township 14, range 2 west, in Saline county. A public highway runs through this land, and just north of it the track of the Union Pacific railway was located. The plaintiff in error built its railroad on this public highway, and condemned the interest of the owner in the public highway. Before the construction of its railroad the company laid out a public highway north of the Union Pacific track, and paid the defendant in error for the laying out of the highway through his land, and concerning this there is no controversy. That part of the highway where the railroad was constructed was not vacated. Upon the trial of the case in the district court, the jury returned a verdict in favor of the plaintiff for $425.60. The plaintiff in error brings the case here; and the first error assigned is in the admission of certain evidence upon the trial below. Complaint is made of the following question:

"Now, imagine the railroad built there, with its most injurious consequences; both railroads, the Santa Fé and the Rock Island: what, in your judgment and opinion, was the land worth per acre immediately after the building of those roads?"

This question was objected to as incompetent, irrelevant, and immaterial, which was overruled, and excepted to. The witness answered: "Well, I should think it would make considerable difference in the value of the land, to me, any way." The answer given by the witness was not responsive to the question, and should have been stricken out, but that was not asked. The question was not in fact answered; what the witness did say was immaterial error, and was not sufficiently prejudicial to justify a reversal of the case. No objection or exception was made to the next question and answer, and we cannot consider the assignment of error based upon that evidence.

1. New trial— harmless error.

It is claimed that the court erred in permitting the report

of the condemnation proceedings of the Chicago, Kansas & Nebraska Railway Company to be introduced in evidence. The evidence that a double track was laid on the right-of-way for both railroads, under the condemnation proceedings of the plaintiff in error, was, we think, competent. The evidence established the fact that the land in question was not embraced in the condemnation proceedings of the former railroad; that whatever was being done there was under the authority and direction of the plaintiff in error. We think the evidence was competent.

It is insisted that the court erred in permitting evidence to be introduced to show why the highway on the south side of the railroad track was not vacated by the board of county commissioners. We fail to see how this evidence could prejudice the plaintiff in error. The evidence may have been immaterial, but did not prejudice the rights of the railroad company.

Our attention is next called to the following instruction:

"The constitution of the state of Kansas provides that a railroad company must pay for its right-of-way over the premises of an individual, irrespective of any benefits that may accrue to the land-owner by reason of the proposed improvements. Therefore, you cannot take into consideration any benefits that may accrue to the plaintiff by reason of changing the public highway from the south side to the north side of the Union Pacific railroad."

Section 4 of art. 12 of the constitution says:

"No right-of-way shall be appropriated to any corporation until full compensation therefor be first made in money, irrespective of any benefit from any improvements proposed by such corporation."

This section of the constitution has been frequently construed by this court, commencing as far back as the case of *Railroad Co. v. Orr*, 8 Kas. 419, and extending down to *L. & W. Rld. Co. v. Ross*, 40 id. 598; and the court has universally held that a railroad company must make full compensation for the right-of-way appropriated, irrespective of any

benefits or supposed benefits from the construction of the road, or any improvement thereby. Tried by

2. Eminent domain—instruction.

this rule, which is supported and sustained by the decisions of other states with similar constitutional provisions, we think the instruction was not . misleading or erroneous.

The last contention of the plaintiff in error is, that the damages awarded by the jury are excessive. The witnesses fixed the value of the land taken at from $100 to $125 per acre. The railroad occupied $1\frac{29}{100}$ acres, and the jury awarded $129 as the actual market value of the land taken, without reference to any damages to the remainder of the land. It is argued that, because the highway was not vacated, no compensation should have been awarded for the right-of-way at all, for under the statutes of this state, the railroad company had the right to construct and operate its railroad upon the public highway; that one of the uses to which it may be put is the construction and operation of a railroad along and upon the same. We are not prepared to subscribe to this principle. While the adjudicated cases are not uniform, the weight of authority is in support of the rule that the construction of a railroad along a highway imposes an additional burden, and constitutes a taking, within the constitution. The following cases hold that a railroad is not one of the legitimate uses of a highway, and for such an occupation there should be additional damages awarded to the adjoining owner: *S. P. Rld. Co. v. Reed,* 41 Cal. 256; *Imlay v. U. B. Rld. Co.,* 26 Conn. 249; *S. C. Rld. Co. v. Steiner,* 44 Ga. 546; *Cox v. Louisville Rld. Co.,* 48 Ind. 178; *Stange v. City of Dubuque,* 62 Iowa, 303; *Kucheman v. C. C. & D. Rly. Co.,* 46 id. 366; *I. B. & W. Rld. Co. v. Hanley,* 67 Ill. 439; *Phipps v. W. M. Rld. Co.,* 66 Md. 319; *Springfield v. Conn. Rld. Co.,* 58 Mass. 63; *Y. R. & Ind. Rld. Co. v. Heisel,* 47 Mich. 393; *Harrington v. St. P. & S. C. Rld. Co.,* 17 Minn. 215; *H. & G. I. Rld. Co. v. Ingalls,* 15 Neb. 123; *Williams v. N. Y. C. Rld. Co.,* 16 N. Y. 97; *Fanning v. Osborne,* 34 Hun, 121; *Chamberlain v. Cordage*

*Co.*, 41 N. J. Eq. 43; *Rld. Co. v. Williams*, 35 Ohio St. 168; Mills, Em. Dom., § 32; Lewis, Em. Dom. 111.

The jury allowed $280 damages to the land — $230 to the land south of the railroad and $50 damages to the land north of the track of the Union Pacific railroad. The different elements of damages the jury subdivided as follows: Danger and inconvenience of crossing, $100; danger to stock from the south side of the track, $100; and from accidental fire, $80. While the damages allowed seem large, there was evidence to support the findings of the jury. Each item appears

3. Damages, not excessive. to be a proper element of damages. It is proper, in estimating damages, to take into consideration the exposure of the remaining land to fire from the company's trains or engines, set out by the railroad company, without fault, by reason of the operation of the road through the premises. (*K. C. & E. Rld. Co. v. Kregelo*, 32 Kas. 608.)

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

VALENTINE and JOHNSTON, JJ., concurring.

HORTON, C. J.: Upon the trial of this case in the district court, the jury returned a verdict in favor of the land-owner for $425.60.

The court instructed the jury, among other things, as follows:

"The constitution of the state of Kansas provides that a railroad company must pay for its right-of-way over the premises of an individual, irrespective of any benefits that may accrue to the land-owner by reason of the proposed improvements. Therefore, you cannot take into consideration any benefits that may accrue to the plaintiff by reason of changing the public highway from the south side to the north side of the Union Pacific railroad."

This instruction had no application in this case, because it was not alleged, claimed or proved that, in the construction of the track or railroad, the land-owner derived any benefit.

But the instruction was misleading and prejudicial, because it prevented the jury from considering the benefits which the land-owner obtained from the highway upon the north of the Union Pacific. This was not an improvement from the construction and operation of the railroad, but was intended to be an improvement for the special benefit and convenience of the land-owner, and also for the use of others who desired the highway.

There was evidence tending to show that the larger tract of land, to which damages are claimed, was north of the Union Pacific railroad; and one witness testified that it was better to have the highway north of that road than south of it. Even if this road had not been paid for and constructed by the railroad company, the court ought not to have taken from the jury by an instruction the consideration of the convenience and benefits of this road, in view of the fact that the highway south of the Union Pacific track was partially occupied by the railroad company of which complaint was made. Before the land was taken or condemned for the right-of-way of the C. K. & W. Railroad Company, the tract was divided by the U. P. railroad. About 12 acres lay south, and some 20 acres north. The house referred to in the evidence was not upon the tract of land in controversy, but about a quarter of a mile west of the land. This belonged to other parties. The witnesses fixed the value of the land actually taken for railroad purposes by the C. K. & W. Railroad Company at from $100 to $125 per acre. The company condemned $1\frac{29}{100}$ acres. For this the jury awarded $129, as the market value of the land. The land taken was upon the highway, just south of the Union Pacific, which was not vacated, and yet the jury allowed nearly full value for the land — the same as if no highway had been established or existed; as if the land was without any incumbrance, and subject to no easement. These large damages, I think, were the result of the immaterial evidence admitted, against objections, tending to show why the highway on the south side of the railroad track was not vacated by the board of county commissioners, and the

misleading instruction referred to. The highway was not vacated, and the evidence concerning the talk about its non-vacation was not only immaterial, but prejudicial. The erroneous evidence and improper instruction were the more harmful because of the great conflict in the evidence. It appears that several witnesses, some six in number, acquainted with the premises appropriated, testified on behalf of the railroad company that the value of the tract of land was the same after as before the construction of the railroad.

On account of the error in the admission of evidence, and the giving of an instruction which was misleading and prejudicial, I believe the judgment of the district court should be reversed, and the cause remanded for a new trial.