## MURPHY ET AL. v. COPELAND.

1. **Deed: DESCRIPTION IN: CONSTRUCTION OF.** The starting point in the description in a deed was described as where Pine creek crossed a certain section line; the third call carried the line "east to Pine creek; thence north-easterly, up the west bank of Pine creek, to the place of beginning:" *Held*, that the land conveyed extended only to the west bank of the creek, and not to the middle of the stream.

### *Appeal from Buchanan Circuit Court.*

### SATURDAY, JUNE 14.

ACTION to recover real estate. The plaintiffs are the owners of a tract of land which is described as follows: "That part of the N. W. ¼ of the N. W. ¼ of section 9, township 88 north, of range 8, in Buchanan county, Iowa, commencing at a point where Pine creek crosses the section line between sections 4 and 9, in said township and range, and thence running west, twenty chains and fifty links, to the north-west corner of said section 9, thence south eleven chains and ninety-six links, thence east to Pine creek, thence north-easterly, up the west bank of Pine creek, to the point of beginning, containing nineteen and one-half acres, more or less." The defendant is the owner of the north half of the quarter section, excepting the nineteen and one-half acres owned by plaintiffs. Having occasion to erect a fence between his land and the plaintiffs' he erected it upon the west bank of the creek, claiming that to be the line. The plaintiffs claim to own to the middle of the creek. The court instructed the jury in these words: "The question is on the construction of the language of the plaintiffs' deed. By this deed the starting point is in the creek and center thereof. By its terms when the line reaches the creek in its course it runs to the center of the creek, and those two points being found the words 'thence north-easterly, along the west bank of said Pine creek to the place of beginning,' must be construed to

mean the west bank as fixed and found by the two initial points, and will be the center of the creek. So you are instructed that said deed, by its terms, conveys to the plaintiffs the land to the center of Pine creek." There was a verdict and judgment for the plaintiffs. The defendant appeals.

*W. G. Donnan* and *H. W. Holman*, for appellant.

*Lake & Harmon*, for appellees.

ADAMS, J.—If the banks of a stream can be regarded as extending to the middle, so that the words "up the west bank" mean the same as the words *up the east bank* would, then the words *west bank*, as a call in the deed, lose all significance. But we are not allowed to divest any words of a deed of all significance, if it can be avoided. It is true, if we consider the first line as commencing in the middle of the stream, and the third as ending in the middle, there would be a repugnance in the calls. But while the language used would, if strictly construed, make the first line commence, and the third end, in the middle of the stream, it seems manifest to us, in view of the words used—"up the west bank"—such was not the understanding of the parties. The construction which would make the first line commence, and the third line end, in the middle of the stream, is rather technical than otherwise. The words, taken in their common import, do not necessarily mean that. The words *up the west bank*, taken in their common import, do necessarily mean that the stream was excluded.

1. DEED: description in: construction of.

Without doubt, where a tract of land is described simply as bounded by an unnavigable stream, it would extend to the middle, but this tract is not so described, and we cannot so construe the description without doing violence to those words which we think the parties must have used with the clearest appreciation of their force and significance.

We think the court erred in its construction.

REVERSED.