## MURPHY ET AL. V. COPELAND.

1. **Deed**: DESCRIPTION OF BOUNDARY LINE: CONSTRUCTION OF. Where the boundary of land, as expressed in the deed, was "up the west bank of Pine Creek," it will be construed to give the grantee title to the line of low water, upon the west bank of the stream.

2. ————: EVIDENCE TO CONTRADICT: INCOMPETENT. Where the deed fixes the boundary of land at low water mark, it is not competent to contradict the deed, by testimony that a prior grantor pointed out another and different line, as the correct one.

*Appeal from Buchanan Circuit Court.*

TUESDAY, JUNE 6.

ACTION to recover land. The cause was tried to the court without a jury, and judgment rendered for plaintiff. Defendant appeals.

*Wm. G. Donnan* and *N. W. Holman*, for appellant.

*Lake & Harmon*, for appellees.

BECK, J.—I. This cause has before been in this court: See 51 Iowa, 515.

The Circuit Court made a finding of facts and announced the conclusion of law upon which the decision is based. The correctness of the finding of facts is not disputed. As it briefly and clearly states the facts of 'the case we here present it, with the conclusion of law announced by the court.

"1st. The court finds, as a matter of fact, that the plaintiff is the owner of the following described premises: 'Commencing at the point where Pine Creek crosses the section line between sections 4 and 9, township 88, range 8, Buchanan county, thence running west twenty chains and fifty links, to the northwest corner of said section 9, thence south eleven chains and ninety-six links, thence, east to Pine Creek, thence north-easterly up the west bank of Pine Creek, to the point

of begining, containing 19½ acres more or less,' and that the defendant is the owner of the remainder of the north half of the northwest quarter of said section, lying easterly of plaintiff's land.

"2d. The court finds from the evidence that the defendant's fence, of which plaintiffs complain, is placed from five to twenty feet, or within about that variation, from the edge of the water in its ordinary or low water stage, unswollen by rains; and that said fence is from one-fourth to one-third of the way from the margin of the stream towards the top of the bank, which bank is reached by high water when the creek is swollen by storms or freshets, and is sometimes overflown.

"3d. That as the fence now stands, as stated in the last finding, the plaintiff is excluded from the edge of the water in its ordinary or low water stage.

"4th. As a conclusion of law, the court finds that the true boundary between said parties is the margin of Pine Creek; that is to say, the edge of the stream in its ordinary or low water stage, and that the plaintiff is entitled to access to such edge or margin of the stream; and that he should have judgment for the possession of the land in controversy. to that extent."

II. When the case was before in this court we held that defendant's title covers the stream of water. But our decision does not determine the extent of the land which is covered by the stream, whether it is limited to high or low water. Our former decision leaves this question for determination in this case. We have found it difficult, if not impossible, to reach a satisfactory conclusion thereon, based either upon reason or authorities. The application of legal principles to the question leaves the mind in doubt, and the adjudged cases are not without conflict.

Boundaries of lands should be fixed and permanent, and capable of being readily ascertained with certainty. Low
1. DEED: description of boundary line: construction of.  water in a stream marks a permanent and fixed line which can be determined with greater certainty than the line of any other stage of water.

Lands, as all other subjects of property, are acquired and transferred with a view to the purposes for which they may be used. The land covered by a stream is useful on account of the water flowing in it. When acquired the water is in contemplation of the parties to the transfer. The bed of the stream at low water constitutes the permanent water course, and it must be presumed, when the stream is made a boundary, was in contemplation. The land between high and low water is susceptible of other uses than those connected with water. It may be used for pasture or cultivation, and it ought not, therefore, to be regarded as a part of the stream. We reach the conclusion that as defendant, under our prior decision acquired title to the water course, the boundaries of his land is the line of low water upon the west bank of the creek.

The following authorities support our conclusion. Other cases support a contrary doctrine: *Child et al. v. Starr et al.*, 4 Hill, 369; *Halsley v. McCormick*, 13 N. Y., 296; *S. C.*, 18 N. Y., 147. See, also, *Cook v. McClure*, 58 N. Y., 437.

III. The defendant offered to introduce testimony showing that a prior grantor of the premises had pointed out the line along the creek called for by the description of the land, as shown by the deed under which the parties claim title, and that it was farther from the stream than is defendant's fence. The testimony was correctly rejected. The line being fixed by the description in the deed at low water, as we hold the law to be, it was not competent for defendant to contradict the deed in the manner proposed.

No other questions arise in the case. The judgment of the Circuit Court is

AFFIRMED.