KENT & a. v. TAYLOR & a.

The words " to a tree on the bank of a river, thence up said river," etc , in the description of land conveyed by deed, locate the line at the thread of the stream; and that location is not changed by other words in the same description giving the length of lines and quantity of land conveyed.

ASSUMPSIT, for use and occupation of a portion of the bed of Newfound river upon which the defendants' grantors, in 1868, constructed a canal.   In 1804, Moses Lewis, owning the land on both sides of the river, conveyed to James Martin, under whom the defendants claim, " about forty-four square rods of land, being a part of the lot No. 61 in the first division of lots in New Chester and Bridgewater bounded as follows viz.: Beginning four feet and six inches south of the south-easterly corner of my corn-barn and thence north 85° east six rods and seven links to a stake and stones; thence south 81.° east four rods and fifteen links to a stake and stones; thence south 27° west five rods and twenty links to a poplar tree on the bank of Newfound river so called and thence

up said river until it comes on the line to make a right angle with the easterly end of said corn-barn and from thence north 11° west about two rods to the bound first mentioned." The last named or westerly line, and the easterly line extended to the centre of the river, measure each about two and one half rods more than the distances named in the deed. The tract exclusive of the river bed contains about forty-four square rods. The court ruled that the southerly boundary of the land conveyed is the thread of the river, and the plaintiffs excepted.

*Daniel Barnard* and *W. L. Foster*, for the plaintiffs.

*Fling & Chase*, for the defendants.

CARPENTER, J. Land described in a deed as bounded on the bank of a river not navigable, or by lines running to a stake or tree standing on the bank, and thence up, down, on, or by the river to another monument on the bank, extends to the thread of the stream. The doctrine is founded on the presumption that such was the intention and understanding of the parties. The mere fact that the distances and the quantity of land conveyed are greater under this construction than those named in the deed is not sufficient to overcome the presumption. *Rix* v. *Johnson*, 5 N. H. 520; *State* v. *Canterbury*, 28 N. H. 195, 216; *Woodman* v. *Spencer*, 54 N. H. 507, 511, 512; *Sleeper* v. *Laconia*, 60 N. H. 201; *Taylor* v. *Blake*, *ante*, 392; *Newhall* v. *Ireson*, 8 Cush. 595, 598; *Gould* v. *Eastern Railroad Co.*, 142 Mass. 85, 89; *Berridge* v. *Ward*, 10 C. B. N. S. 400; *County of St. Clair* v. *Lovingston*, 23 Wall. 46, 64.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.