CASE 45—PETITION EQUITY—MAY 12.

# Kentucky Lumber Co. v. Green, &c.

### APPEAL FROM WHITLEY CIRCUIT COURT.

1. A PATENT CALLING TO RUN WITH THE MEANDERS OF A NAVIGABLE STREAM passes the title to the bed of the river to the middle of the stream, unless the terms of the grant clearly limit the grantee's right of property to the margin of the stream; also, the usufruct of the water to the middle of the stream is the property of the grantee, subject to the public easement of navigation and to the usufruct rights of other proprietors, above and below.

2. CORPORATIONS — ULTRA VIRES.—Under appellant's charter, which authorizes it to purchase timber lands or any other lands that may be necessary or convenient for the purpose of transacting its business, the fact that a part of a tract of land purchased by it was cleared and used for farming purposes does not show that its purchase was *ultra vires*, as it does not follow that the remainder of the land was not covered with timber suitable for appellant's business.

WM. LINDSAY FOR APPELLANT.

A conveyance calling for an object on the bank of a stream "and thence with the meanders thereof," gives title to the middle of the stream, subject only to the right of the public to the use thereof. (Boom Company v. Smith, 8 Ky. Law Rep., 369.)

SMITH & LESTER FOR APPELLEES.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees having erected a pier on the bed of the Cumberland river, between the middle of the stream and the river bank, for the purpose of fastening thereto a sheer to a log boom, the appellant, claiming to own and possess the adjacent shore and to the middle of the river, brought this action in equity against the appellees for the purpose of quieting its title to the bed of the river to the middle of the stream, and of

vol. 87—17

compelling the appellees to remove said pier, etc. The circuit court adjudged that the appellant's title did not extend to the middle of the river, and dismissed. its petition. It has appealed to this court.

The patent under which the appellant claims is older than the patent under which the appellees claim, and calls to run with the meanders of the river; while the appellees junior patent calls for the bed of the river from shore to shore.

The controlling question in this case is, does the patent under which the appellant claims, calling to run with meanders of the river, carry the appellant's title to the bed of the river to the middle of the stream?

The grant of land, as bounded by the Cumberland river, or lying upon the side of it, passes the title to the bed of the river to the middle of the stream, unless the terms of the grant clearly limit the grantee's right of property to the margin of the river; also, the usufruct of the water to the middle of the stream is the property of the grantee, subject to the public easement of navigation, and subject, of course, to the usufruct rights of other proprietors, above and below. (Williamsburg Boom Co. v. Smith, 84 Ky., 372; Luce v. Carley, 24 Wend., 451; King v. King, 7 Mass., 196; Jackson v. Louw, 12 Johns., 252.)

Section 4 of the appellant's articles of incorporation authorizes it to purchase timber lands or purchase any other lands that may be necessary or convenient for the purpose of transacting its business.

The demurrer to the paragraphs of the appellees'

answer, which alleged that the appellant's purchase of the land in controversy was *ultra vires*, and, therefore, void, was properly sustained; for the reason that it does not appear that said land was not timbered land as well as farming land. It may be true that a part of the land was cleared and used for farming purposes; but it does not follow that the remainder of the land was not covered with timber suitable for the appellant's business.

The appellant was entitled to a judgment quieting its title to the bed of the river to the middle of the stream, compelling the appellees to remove their pier therefrom.

The judgment of the circuit court is reversed, and the case is remanded with directions for further proceedings consistent with this opinion.