CORA BLACK v. M. R. DIVER.

No. 13,330. (74 Pac. 1123.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Alluvial Accretions.* The western boundary of a tract of land was designated in a deed as running "in a southeastly direction along the east bank of the said Arkansas river" between certain points. *Held,* that the grantee took title to the bank of the stream, and that land gradually made by natural or artificial agencies along the western side of the property so conveyed was appurtenant to it and belonged to the grantee.

Error from Sedgwick district court; ·D. M. DALE, judge.   Opinion filed January 9,´ 1904.   Affirmed.

*S. M. Tucker,* for plaintiff in error.
*Dyer & Davis,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action in ejectment.   In 1887 H. W. Black, and his wife, who is plaintiff in error, executed and delivered to M. R. Diver a mortgage on real estate in Sedgwick county.   The western boundary of the land was described as running ''in a southeasterly direction along the east bank of the said Arkansas river'' between designated points.   The mortgage was foreclosed in 1891, and in November, 1892, defendant in error received a sheriff's deed, and´ went into possession in February, 1893.   The sheriff's deed to Diver followed the description contained in the mortgage.   Plaintiff in error, who is the widow of the mortgagor, claimed the made land between a row of piling driven in the river (which she asserted was the western boundary of the mortgaged tract) and the water's edge.   The land in dispute was used as a dumping-ground for city refuse which was spread out by the husband of the plaintiff in error.   In 1900 Mrs. Black fenced the property in controversy, and she now contends that it was not encumbered by the mortgage nor included in the sheriff's deed, but belonged to her husband.   The land was subject to overflow before it was filled in.

The court below instructed the jury to return a verdict in favor of Diver for the· recovery of possession. Plaintiff in error complains of this and of the exclusion of certain testimony offered by her on the trial

It is conceded by counsel in this case that the Arkansas river is a navigable stream. In *Peuker v. Canter*, 62 Kan. 363, 63 Pac. 617, the well-settled rule was approved to the effect that meander lines along the shore of a navigable stream show that the watercourse is the boundary. In the present case the mortgage and sheriff's deed (being identical as to description) carried the lien, and afterward the legal title, of defendant in error to the border of the stream, however much the water-line might gradually shift or change. (*Wood v. Fowler*, 26 Kan. 682, 48 Am. Rep. 330; Gould, Wat. 3d ed. § 76 and note.)

Counsel for plaintiff in error is not certain whether the title to the land claimed by his client is vested in her or in the state for the benefit of the public. It is contended, however, that in no event could Diver own it. It is clear that the made land was appurtenant to that conveyed by the sheriff to the defendant in error. It was an extension of his western boundary line. His title to it was as complete and absolute as it would have been had the river, by a gradual process of accretion, made the deposit. (*Steers v. City of Brooklyn*, 101 N. Y. 51, 4 N. E. 7.)

To sustain the position of plaintiff in error, it must be held that in the mortgage from Black and wife to Diver the land in controversy was excluded, notwithstanding that the east bank of the river was designated as the western boundary. If the mortgagors had desired to confine the western line within specific limits they could have done so easily. In the absence of a specific description, it was not competent for the mortgagors to show by parol testimony that they reserved title to themselves in the accreted land. (*Turner v. Holland*, 65 Mich. 453, 33 N. W. 283.) Such testimony would be in contradiction of the deed.

On the minor questions raised, we think it was conceded by counsel at the trial that the legal title was in Black at the time of the execution of the mortgage.

The attempt to show on cross-examination of the plaintiff below that the land was filled in by Black with the knowledge and consent of Diver, who disclaimed ownership beyond the original line as it existed at the date of the mortgage, was foreign to anything testified to by the witness on direct examination. The admission of such testimony, however, would not have affected the right of plaintiff below to recover. Land is not conveyed by parol. The learned judge of the district court committed no error in the case.

The judgment of the court below is affirmed.

All the Justices concurring.