### Ford, et al. v. Commonwealth.

(Decided December 12, 1913).

### Appeal from Whitley Circuit Court.

1. Land—Non-assessment and Non-payment of Taxes—Forfeiture—Railroad Right of Way.—Land conveyed to a railroad for a right of way is not subject to forfeiture under Article 3, Chapter 108, Kentucky Statutes, for a failure of the grantor to list it for assessment or to pay taxes thereon.

2. Land—Boundaries—Streams—Forfeiture of Bed of River—Deed.—Where a party acquires' title to a tract of land described in the deed as "beginning on a gum and stone on the bank of said river thence running down with the meanders of same N. 62 E. 16 poles to a large rock marked 'J. S.', thence following the meanders of said river N. 53 E. 92-100 poles", and then conveys the property by the description "beginning on two green trees at the foot of a cliff on the bank of the Cumberland River; thence down said river with the bank thereof N. 67 E. 200 feet to a large rock; thence down said river with the bank thereof N. 53 E. 511 feet", the difference in the two descriptions is not sufficient to show an intention on the part of the grantor in the second deed to exclude the bed of the river, and the grantee in the second deed acquires title to the thread of the stream; and the grantor has no interest in the land which is subject to forfeiture under Article .3, Chapter 108, Kentucky Statutes.

STEPHENS and STEELY for appellants.

J. B. SNYDER, Commonwealth's Attorney, and H. C. GILLIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Pursuant to article 3, chapter 108, Kentucky Statutes, plaintiff, Commonwealth of Kentucky, brought this action against defendants, S. N. Ford and his wife, Anna J. Ford, and all the unknown owners and claimants of two tracts of land in the city of Williamsburg for the purpose of forfeiting and transferring the title thereto to the Commonwealth on the ground that the taxes due thereon had not been paid for the years 1901-5, inclusive. There was a judgment in favor of the Commonwealth and defendants appeal.

One of the tracts of land sought to be forfeited is a track occupied by the Louisville & Nashville Railroad Company as a right of way for one of its spur tracks. The unconditional right of way over same was conveyed to the railroad company by George S. Crawford and Joseph Nurre on January 10, 1883. By mesne conveyances S. N. Ford, in the year 1899, acquired title to the land over which the right of way had been granted. During the years 1901-5, inclusive, the spur track over this right of way was actually in use, though it appears that since the year 1908 the spur track has not been in use.

The Commonwealth claims that the title to the right of way tract is in S. N. Ford, subject, however, to the easement theretofore granted to the railroad. It is, therefore, insisted that as Ford paid no taxes on the land for the years in question it is subject to forfeiture, notwithstanding the fact that the railroad company paid taxes on its easement therein. While it is true that, technically considered, Ford has a title to the land in question, he has no real or substantial interest therein. A grant of a right of way to a railroad over a particular tract of land necessarily excludes its use for any other purpose. By such a grant the owner parts with all beneficial interest in the property. All that can possibly remain in him is the bare expectancy, contingent on the abandonment of the right of way by the railroad company. That expectancy has no substantial value. For that reason it has never been customary or regarded as necessary for the owner to give in such land for assessment or to pay taxes thereon. We, therefore, conclude that the tract in question is not subject to forfeiture by reason of Ford's failure to pay the taxes thereon for the years in question.

The second tract sought to be forfeited is a part of the bed of Cumberland River, and lies between low water mark and the thread of the stream. This tract was forfeited on the theory that Ford, by deed from

Creach, acquired title to the thread of the stream, while in the conveyance which he subsequently made to J. B. Johnson he conveyed the title only to the low water mark, thus retaining in himself the title to the bed of the river to the thread of the stream. In the deed from Creach to Ford the land is described as follows:

"Beginning on a gum and stone on the bank of said river thence running down with the meanders of same N. 62 E. 16 poles to a large rock marked 'J. S.'; thence following the meanders of said river N. 53 E. 30 92-100 poles to a stake at the beginning of the Crawford Mill Yard."

The description in the deed from Ford to Johnson is as follows:

"Beginning on two green trees at the foot of a cliff on the bank of the Cumberland River; thence down said river with the bank thereof N. 67 E. 200 feet to a large rock; thence down said river with the bank thereof N. 53 E. 511 feet, etc."

In 3 Washburn on Real Property, page 632, it is said:

"In respect to streams and rivers which are not navigable—that is, in which the tide does not ebb and flow—the rule seems to be universal that describing land as running to the stream or the bank, and by it or along the stream or the bank, extends to the middle or thread of the stream—the *filum aqua*—unless there is something in the description clearly excluding the intermediate space between the edge or bank of the stream and its thread."

"Where a stream is used in a grant as a boundary or monument, it is used as an entirety to the center of it, and to that extent the fee passes." 3 Kent's Commentaries, 527.

In 5 Cyc., 897, the rule is thus expressed:

"A grant or conveyance of land bounded by a non-navigable stream carries with it the bed of the stream to its center, unless a contrary intention is manifest from the grant or conveyance itself."

On page 899 it is said:

"The stream or other body of water, and not the meander line, as actually run on the ground, is the boundary."

Again, on page 904, we find:

"The mere mention of a monument on the bank of a stream as the place of beginning or end of a line is not of itself sufficient to control the ordinary presump-

tion that the grantee will hold to the thread of the stream, or in the case of navigable rivers in some jurisdictions to low water mark.   Where, however, the intention is clearly apparent to limit the boundary by the monument, the instrument will be so construed."

The foregoing rules were cited with approval in the case of Stonestreet, &c. v. Jacobs, &c., 118 Ky., 745. In Runion v. Alley, 19 Ky. L. R., 268, 39 S. W., 849, it was said:

"It is a well settled rule of law that a conveyance of land to a water course, and thence with the same, passes title to the thread of the stream unless otherwise provided or indicated."

In the present case it is manifest that Ford intended to convey to Johnson the same tract of land that had been conveyed to him by Creech.   The monuments and the courses and distances are practically the same, the only difference being that the course in the Creech deed calls to run with the meanders of the river, while in the deed to Johnson the course runs "down said river with the bank thereof."   This difference, in our opinion, is not sufficient to show a clear intention on the part of Ford to exclude from the Johnson conveyance that part of the tract lying between the bank and the thread of the river.   That being true, the title to the bed passed to the grantee, Johnson, and Ford has no interest therein which is subject to forfeiture.

Judgment reversed and cause remanded, with directions to dismiss the petition.