## MARTIN KORROLL v. TRUSTEES OF SCHOOL DISTRICT NO. 24, RAMSEY COUNTY.[1]

July 6, 1928.

No. 26,763.

**Description quoted in opinion gave grantee of deed rights of a riparian owner.**

Land described as beginning at a specified point in the center of a road and running thence south along the center of the road 238 feet, thence due east 198 feet to the bank of a meandered lake, thence northerly along the bank of the lake to a point 168 feet due east from the point of beginning, and thence due west to that point, extends to the water of the lake.

Boundaries, 9 C. J. p. 193 n. 51; p. 213 n. 33.

Plaintiff appealed from a judgment of the district court for Ramsey county, Michael, J. Affirmed.

*P. D. Scannell,* for appellant.

*George C. Lambert,* for respondent.

TAYLOR, C.

In 1881 the owner of the southeast quarter of the southwest quarter of section 2 in township 29 of range 23 in Ramsey county conveyed a parcel thereof to defendant by warranty deed. The deed fixes the starting point of the description of the land so conveyed as the point where a line 20 chains north of the south line of the section running due east from the west line of the section intersects the center line of the St. Paul, Bass Lake and Mounds View road. After locating this starting point the description reads:

"Thence south ten degrees (10°) east along the center of said road two hundred thirty-eight (238) feet; thence due east one hundred ninety-eight (198) feet to the bank of Bass or Owasso Lake; thence northerly along the bank of said lake to a point one

[1]Reported in 220 N. W. 413.

hundred sixty-eight (168) feet due east from said point of intersection of said due east line with said road; thence due west one hundred sixty-eight (168) feet, on quarter quarter section line to place of beginning, containing one acre more or less."

Plaintiff is the owner of all that part of the government subdivision lying east of the road except the portion thereof owned by defendant. The question in dispute is whether defendant's land extends to the lake, giving defendant the rights of a riparian owner and title to land formed by reliction in front of its parcel, or whether its eastern boundary extends only to the line described as following the bank of the lake, leaving plaintiff the owner of whatever land may be formed by recession of the water in the lake. It is stipulated that the lake is a meandered lake. The trial court rendered judgment to the effect that defendant's land extended to the water of the lake and that defendant is a riparian owner with all the rights appertaining thereto. Plaintiff appealed.

It is thoroughly settled that monuments and natural boundaries prevail over courses and distances. Hunt v. Keye, 150 Minn. 142, 184 N. W. 840; 1 Dunnell, Minn. Dig. (2 ed.) § 1061; 4 R. C. L. 100, 101, 108; 9 C. J. 213, 218. Here the boundary line begins at a specified point in the center of the road and runs south along the center of the road 238 feet, thence due east 198 feet to the bank of the lake, thence northerly *along the bank of the lake* to a point 168 feet due east from the point of beginning, and thence due west to the point of beginning. The eastern boundary of the tract is designated as the bank of the lake. Except where a contrary intention is expressed, the land conveyed by such a description extends to the water of the lake. County of St. Clair v. Lovingston, 90 U. S. 46, 23 L. ed. 59; Lamb v. Rickets, 11 Ohio, 311; Luce v. Carley, 24 Wend. 451, 35 Am. D. 637; Murphy v. Copeland, 58 Iowa, 409, 10 N. W. 786, 43 Am. R. 118; Stonestreet v. Jacobs, 118 Ky. 745, 82 S. W. 363, 1012; Kent v. Taylor, 64 N. H. 489, 13 A. 419; Pike v. Munroe, 36 Me. 309, 58 Am. D. 751; Freeman v. Bellegarde, 108 Cal. 179, 41 P. 289, 49 A. S. R. 76; Black v. Diver, 68 Kan. 204, 74 P. 1123; Gilbert v. Emerson, 55 Minn. 254, 56 N. W. 818, 43 A. S. R. 502; Tucker v. Mortenson, 126 Minn. 214, 148 N. W. 60.

We concur in the conclusion reached by the learned trial court that defendant's land extends to the water of the lake, giving defendant the riparian rights which appertain to the shore of that parcel. Appellant suggests that in that event the court should have provided for a division of the land formed by the recession of the water of the lake. It is sufficient to say that no such question was presented by the pleadings, and that it does not appear that there is any such land to divide.

The judgment is affirmed.