## Fairchild et al. v. Mayo.

(Decided February 7, 1930.)

C. B. WHEELER for appellants.

B. M. JAMES and JAMES & HOBSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

S. S. Mayo sued his sister, Lula Mayo Fairchild, and her husband, Dennis Fairchild, to quiet his title to certain property in Floyd county. He was successful, and the Fairchilds have appealed.

In 1891, William J. Mayo died. He was the owner of a large farm in Floyd county lying on both sides of Beaver creek. This farm was divided among his children and in that division the share of Lula Mayo Fairchild was laid off on the north side of Beaver creek, and most of the share of S. S. Mayo was on the south side of Beaver creek. This controversy has grown out of the division line between their properties.

It is the contention of Mrs. Fairchild that the center of the creek was made the division line, while S. S. Mayo contends the division line between his land and the land of his sister was not in the center of the creek, but that the line ran along what was then the northern bank of the creek. This division was made in 1893. Since that time Beaver creek has gradually changed its location, and at this particular point has shifted to the south so that there is now a tract of about 1¼ acres lying between the present north bank of Beaver creek and the north bank of Beaver creek as it was in 1893, and it is this 1¼ acres that has caused this controversy. This change in the channel of Beaver creek was not suddenly or violently made, but was a gradual change, and, if the center of Beaver creek had been made the line between

these two properties, this 1¼ acres would be accretions to the property of Mrs. Fairchild, and would belong to her. If, however, the line between these two properties was not in the center of the stream, but was a definite boundary on the north side of the stream, then these accretions formed on the northern bank of Beaver creek are within the boundary of the share allotted to S. S. Mayo, and this 1¼ acres belongs to him.

The evidence of the men who made this division is that it was their intention to make the center of the creek the line, but they failed to do so, and the line between S. S. Mayo and his sister was located on what was then the northern bank of Beaver creek, and, from the deeds then made to S. S. Mayo and to Mrs. Fairchild, it appears that this is the line.

Beginning at a maple, thence N. 48½, W. 192 feet, N. 42 W. 307 feet, N. 61½, W. 150 feet, this is as much of this line as is in dispute, and these calls are identical in these two deeds, except that in the deed to Mrs. Fairchild this third call is N. 62½ W. 150 feet, but that difference of one degree is too small to amount to anything, and we shall treat this matter as though these two calls were the same. This was not a suit to reform the deeds made to these parties, and no such relief was asked, so we must take these deeds and locate the line between these properties according to the calls of them, and, when we do so, Mrs. Fairchild must lose, because they place this line on the northern bank.

There was a careful survey made of the premises, and there is before us a map made by the surveyor, and we are unable to find any error in the survey. We have read very carefully the descriptions of these two lots as given in the partition deeds, and we find but one reference to the creek, and that is in the deed made Mrs. Fairchild where this was said, "Beginning at a maple at the creek;" thus it will be seen that in the deeds under which these parties claimed and upon which they sued there is no reference to the creek as the line between these parties.

In the recent case of the City of Covington v. State Tax Commission, 231 Ky. 606, 21 S. W. (2d) 1010, 1012, we said: "At the common law private owners of land whose deeds called for a line with physical dimensions, such as a road, a street, a stream, or water course, having both length and width, nothing appearing in the deed to the contrary, owned by construction or presumption to the center of such physical line or thread of the stream."

In order for Mrs. Fairchild to extend her boundaries to the center of this stream, it would be necessary for her to show that her boundary as contained in this description calls for Beaver creek, and it does not; therefore her case is very different from that of Stonestreet et al. v. Jacobs et al., 118 Ky. 745, 82 S. W. 363, 1012. In that case we held that the boundary given extended to the center of the stream, but in that boundary we find this expression, "thence down said creek, with its meanders," and at another point we find this, "thence up Eagle creek, with its meanders;" but we find no such expressions in the deeds before us, and as we have stated, the court was not asked to reform the deeds.

Mrs. Fairchild claimed these accretions by adverse possession, and there was proof that she had used this contested strip and cultivated it in connection with her land, but there was also proof that she paid S. S. Mayo rent for the use of it. There is considerable conflict in the evidence about the payment of this rent, which probably grows out of this: It is admitted that S. S. Mayo is the owner of a tract containing $1^1/_7$ acres on the north side of Beaver creek which Mrs. Fairchild has continuously used and cultivated in connection with her land, and she does not dispute his title to this $1^1/_7$ acres, and admits that she has paid him rent for that. It was probably confused with the rent for these accretions, for which it is admitted that, with the exceptions of one year, rent was paid to S. S. Mayo for the use of the accretions from 1914 to 1923.

The records show that both S. S. Mayo and his sister are excitable, high-tempered people, and the excuse Dennis Fairchild gives for paying this rent is that Mrs. Fairchild was at the time (1914) in a very precarious state of health, and that, knowing her excitability and that of her brother, he thought for the sake of peace, and to avoid the effect on her health of an excited controversy with her brother, it was better, as the purchase price of peace, to let him have a little corn, and he did.

The showing made relative to adverse possession was not sufficient to sustain Mrs. Fairchild's claim of ownership thereby.

We find no error in the judgment of the trial court, and it is affirmed.