## Dawson v. Johnson.

(Decided June 20, 1933.)

BEN D. RINGO and FOREST A. ROBY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Frank M. Johnson brought this suit against Ryland Dawson to settle a boundary line, to enjoin trespass, to recover damages for timber removed, and damages resulting from the construction of a dam across Panther creek. The jury awarded Johnson damages in the sum of $65, and after fixing the south bank of North Panther creek as the dividing line, found that the old Panther creek bed belonged to Johnson. Judgment was entered accordingly, and Dawson appeals.

The facts are these: Johnson and Dawson are adjoining landowners. Johnson's land lies on the north side of Panther creek, and Dawson's land on the south side. They claim title through a common source. Johnson's title is prior in time, and the description in the deed under which he acquired title reads as follows:

"Beginning at a stake in the line of Ashby, formerly Thomas Weir; thence with the line of Ashby and Short N. 77½ W. 155½ poles to Netter Bris-

tow's corner; thence with Bristow's line S. 13 W. 129 poles to a stake on the South Bank of North Panther Creek, corner to the J. B. Whalen land; thence up North Panther Creek with the meanders of same to the point of beginning, containing 50 acres, more or less.''

The description in Dawson's deed is as follows:

''Beginning at a dogwood, water beech and hickory standing on the south bank of Panther Creek in Hinton's line; thence S. 12 W. 112½ poles to the three hickories, corner to Hinton's and William Harris; thence S. 79½ E. 119 poles to a sassafras, black oak and black gum, corner to Hinton; thence N. 12 E. 162 poles to a sweet gum and a small red oak; thence N. 78 W. 8 poles to a white oak, hickory and sugar tree on the bank of north Panther Creek; thence down the creek with the meanders of same to the point of beginning, containing 117 acres, be the same more or less.''

Dawson insists that he was entitled to a peremptory instruction. In support of this position he argues that as the next to the last call in his deed is to a white oak, hickory, and sugar tree on the bank of North Panther creek, and the concluding call is ''thence down the creek with the meanders of same to the point of beginning,'' his title extends to the middle or thread of the stream. It may be conceded that if, without more, each of the parties had been conveyed land described as running with the meanders of the creek, each would have acquired title to the middle or thread of the stream, Spurrier v. Hodges, 90 S. W. 559, 28 Ky. Law Rep. 804; Stonestreet v. Jacobs, 118 Ky. 745, 82 S. W. 363, 1012, 26 Ky. Law Rep. 628, 1015; but that is not the case. Long prior to Dawson's deed, Johnson had acquired title by a conveyance, the concluding calls of which are as follows:

''Thence with Bristow's line S. 13 W. 129 poles to a stake on the South bank of North Panther Creek, corner to the J. B. Whalen land; thence up North Panther Creek with the meanders of same to the point of beginning.''

In the circumstances Johnson has a superior title of record extending to the south bank of the creek, and running on the south side of the creek with its meand-

ers to the point of beginning. As Johnson's deed covered the entire bed of the stream, it is at once apparent that by his subsequent deed Dawson acquired title no further than to the south bank of the creek. Robinson v. Wells, 142 Ky. 800, 135 S. W. 317. This view of the question is further confirmed by uncontradicted evidence to the effect that the sugar tree at the east end of Johnson's line, which is marked as a corner tree, still stands on the south side of the old creek bed, and that the trees at the west end likewise stood on the south bank of the creek, coupled with further evidence that Dawson's predecessor in title recognized the south bank of the creek as the dividing line and claimed no further than that line. It follows that Johnson and not Dawson was entitled to a peremptory instruction as to the ownership of the land in controversy, and that being true Dawson was not prejudiced by the instruction given, even though it was not technically correct.

Judgment affirmed.