Anna Tomlin, Appellant, v. Cedar Rapids & Iowa City Railway & Light Company.

**Municipal corporations:** VACATION OF STREETS: ORDINANCES: CONSTRUCTION OF STREET RAILWAY: DAMAGES. An ordinance vacating a portion of a street, granting its use for right of way purposes and conveying the fee to the state, is not objectionable as embracing more than one subject, since its purpose is to convey the fee subject to the easement: and as the street when vacated becomes in effect private property of the state subject to the right of way, the railway company may construct and operate its line over the same without procuring the usual franchise in such cases, and without compensation in damages to abutting property owners. Weaver, J., and Evans, C. J., dissenting.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

SATURDAY, MARCH 13, 1909.

THE opinion states the case.—*Affirmed.*

*O. A. Byington,* for appellant.

*John A. Reed,* for appellee.

SHERWIN, J.—The plaintiff stated in her petition that she was the owner of lots 7 and 8, in block 95, Iowa City, Iowa, and that said property abuts the east side of Front Street, in said city, between College and Burlington Streets; that in July, 1904, the defendant constructed upon said street in front of her property an electric interurban railway, which has since said time been in operation for the transportation of both passengers and freight; that she had suffered damages on account thereof which had not been paid. The defendant answered, admitting the construction and operation of the railway upon what was formerly the west one-half of said Front Street. It pleaded, however, that the west one-half of said Front Street between College and Burlington Streets was vacated by an ordinance of the city, and became the property of the State of Iowa for the use and benefit of the State university, and that the part of said street so vacated no longer constituted a public highway. The plaintiff demurred to the answer on the ground that the ordinance pleaded was void because it "contained more than one subject," and for the further reason that the ordinance does not grant the right to the defendant to use said street without paying damages to abutting property owners. The demurrer was overruled, and the plaintiff appealed.

The ordinance provided for the vacation of the west

one-half of Front Street for a specified distance, and then granted to the defendant the right to use the part so vacated for the purpose of constructing, maintaining, and operating its railway. It further provided "that the said west one-half of Front Street so vacated be and the same is hereby granted to the State of Iowa for the use of the State University of Iowa subject to the right of way herein granted to the Cedar Rapids and Iowa City Railway and Light Company, its successors and assigns." The ordinance vacated a part of the street, gave the defendant the right to use the part so vacated for right of way, and granted its use, subject to such right of way, to the State. The real subject of the ordinance and the only purpose for which it was passed was to grant an easement in the land to the defendant and a fee therein to the university. It related solely to the transfer of its estate in the street, although to different parties. An ordinance vacating a street and at the same time conveying it where the diversion is the real purpose thereof does not contain two subjects. *City of Marshalltown v. Forney,* 61 Iowa, 578; *Spitzer v. Runyan,* 113 Iowa, 619; *Dempsey v. Burlington,* 66 Iowa, 687; *Hanson v. Hunter,* 86 Iowa, 722. That a city may vacate streets and alleys and divert them to other uses has long been the rule in this State. *Harrington v. Railway Company,* 126 Iowa, 388; *Marshalltown v. Forney, supra; Lake City v. Fulkerson,* 122 Iowa, 569, and other cases. And, when a street is properly vacated, it ceases to be a street. The right of the public therein is divested, and for all of the essentials of this case it becomes private property. A State or municipality may hold property for uses distinct and independent of public uses, and, when property is so held, it becomes in effect private property. Elliott on Roads and Streets (2d Ed.) section 136. And, when a street ceases to be public by reason of its vacation, it is private property within the meaning of the law, and a road located thereon does not entitle an

abutting owner to damages. *Rinard v. Burlington & N. R. Co.,* 66 Iowa, 440; *Harrington v. Railway Co., supra.* The ordinance in question conveyed to the defendant a right of way, and under the easement thus granted it had the right to construct and operate its road without the franchise necessary in case of the use of streets, etc. *Winklemans v. Railway Co.,* 62 Iowa, 11.

The demurrer to the answer was properly overruled, and the judgment must be *affirmed.*

WEAVER, J. (dissenting). I can not agree to any further extension of the doctrine approved in the case of *Marshalltown v. Forney,* above cited—a decision which I regard unsound in principle and out of harmony with a great majority of the established precedents. Under the rule of the majority opinion, a railway company unwilling to treat with property owners and desiring to avoid payment of damages occasioned to abutting property by the appropriation of a street for its right of way has only to persuade a complaisant city council to vacate the street, and make it a present of such way without cost to any one except to the owners of the lots thus injured. We have expressly held that, in the absence of legislative authority, cities and towns have no power to license or permit the use of its streets by steam-propelled cars or motors: *Stanley v. Davenport,* 54 Iowa, 463; *Stange v. Railway Co.,* 54 Iowa, 669. The only authority found in our statutes by which the city in this case could confer upon the defendant railway company the right to build its road along the street in question is in the provision of Code, section 767, which expressly declares that no such road shall be constructed in a public street until the damages to abutting owners shall have been assessed and paid. An ordinance which disregards this provision is void. *Stange v. Dubuque,* 62 Iowa, 303. And yet we now say that the city or its council by the cheap expedient of declaring the street

vacant and then presenting the way as a gift to the railway company may evade the law made for the protection of property owners. If this be a correct exposition of the law, the city may vacate a ten-foot strip along the middle of every street and highway within its boundaries, and issue a municipal *carte blanche* to all railways desiring an entry to come in, occupy, and enjoy at their pleasure without fear of liability for damages. For one I must decline to subscribe to such doctrine. Though a city may hold the title to the street in fee, it is not a fee in the sense in which we use that term to describe full ownership of real property by an individual. It is a holding in trust for public use. The city is vested with no authority to give away that title for the enrichment or private use of any corporation or individual. This principle has the support of authorities too numerous to mention. I am aware that the case of *Bar v. Oskaloosa,* 45 Iowa, 275, contains matter which seems to place the stamp of legitimacy upon this method of taking both public and private property, by indirection and without compensation, for the private use of another, but the authority of that precedent has often been questioned, and of late has been regarded as overruled. See *Long v. Wilson,* 119 Iowa, 267; *Ridgeway v. Osceola,* 139 Iowa, 590, and cases there cited. The subject I have here touched upon is one of great public consequence which sooner or later must have the serious attention of this court, but the time at my command will not permit its adequate discussion in the present case. For an interesting and learned discussion of the peculiar property right of abutting owners in the streets by which their lots are bounded even where the fee of such streets is in the public, see *Adams v. Railway Co.,* 39 Minn. 286 (39 N. W. 629, 1 L. R. A. 493, 12 Am. St. Rep. 644); *Story v. Railway Co.,* 90 N. Y. 122 (43 Am. Rep. 146); *Lahr v. Railway Co.,* 104 N. Y. 268 (10 N. E. 528).

In my judgment the judgment of the district court

should be reversed. I am authorized to say that Evans, C. J., unites in this dissent.