## OLE LARSON v. GUNDER KROSTUE.[1]

March 18, 1910.

Nos. 16,369—(57).

**Slander — Pleading.**

> [A complaint in an action for slander which alleged that defendant in the presence of a third person stated: "The old man" (meaning the plaintiff) "set the fire," and that defendant intended to, and did, charge, and was understood to charge, that plaintiff feloniously in the nighttime did burn certain buildings, is good against a demurrer. Reporter.]

Action in the district court for Polk county to recover $25,000 for slander. From an order, Watts, J., overruling the demurrer as to each of three causes of action, defendant appealed. Affirmed.

*Charles Loring* and *W. E. Rowe,* for appellant.

*E. O. Hagen* and *Martin O'Brien,* for respondent.

PER CURIAM.

This appeal is from an order overruling a demurrer to the complaint in an action for slander. The complaint contains three causes of action, in the first of which it is alleged that, plaintiff's store having been burned, the defendant in the presence of a third person said, " 'The old man' (meaning this plaintiff) 'set the fire' (meaning the fire which was destroying and had destroyed a large part of the store buildings in said village of Fisher, Minnesota, as aforesaid)," and that the defendant intended to and did charge, and was understood

[1]Reported in 125 N. W. 262.

to charge, that the plaintiff unlawfully, wilfully, and feloniously, and in the nighttime, did burn and set on fire the said buildings. In the second and third causes of action are alleged similar utterances at subsequent times.

The language charged is capable of being understood and meaning that the plaintiff was guilty of the crime of arson, and the complaint sufficiently alleges that it was so intended and understood. If this is true, the language was actionable per se, and the demurrer was properly overruled.

Order affirmed.