# WILLIAM G. WHITE v. ANNIE C. COBURN and Others.[1]

April 28, 1911.

Nos. 16,922—(28).

**Vacation of street — evidence.**

The evidence submitted on the hearing of an application to register title to land established the legal vacation of a public street.

**Deed to platted lot on vacated street.**

The rule announced in White v. Jefferson, 110 Minn. 276, that after such vacation, under a deed of lots abutting thereon, describing the land conveyed as lots 23 and 24 in a named platted addition, the grantee takes title only to the land within the boundaries of the lots as platted, and does not take title to the intervening land formerly included in the street, adhered to in this case between the same parties involving the same land.

**Terms of deed — intent of grantor.**

Where there is no ambiguity in the terms of a conveyance, valid as made, its meaning cannot be varied by a particular purpose or intent existing in the mind of the grantor.

Application to the district court for Ramsey county to register title to certain real estate. The answer of defendants Jefferson and Hoard denied that the applicant was the owner of the real estate

[1] Reported in 130 N. W. 1028.

and alleged title in themselves. The application was heard by Hallam, J. At the conclusion of the trial defendants moved to amend their answer for the purpose of asking relief in the nature of reformation of certain deeds obtained by them from the trustee and the administrator *de bonis non* of the estate of Allie Hewitt, deceased, and their motion was denied. The court made findings of fact and ordered judgment that applicant was owner in fee of the premises described, subject to the liens of defendants Coburn and the city of St. Paul. From the judgment entered pursuant to the order, defendants Jefferson and Hoard appealed. Affirmed.

*John E. Stryker,* for appellant.

*William G. White,* pro se.

SIMPSON, J.

This is a proceeding for the registration of title to land. Upon the trial two of the named defendants, Jefferson and Hoard, answered, claiming to be the owners of the land in question. From a judgment and decree registering the title as in the applicant, the said defendants appeal.

The land involved is a tract included in the plat of Hewitt's outlots, First division, being a portion of La Salle street, between lots 23 and 24 of that addition as platted. Defendants claim title thereto under a deed in which the land conveyed is described as lots 23 and 24 in Hewitt's outlots, First division. Unless title to the land in question passed to them by such deed, the title thereto is concededly in the applicant. Upon the trial, evidence was introduced tending to show that La Salle street was duly vacated long prior to the said conveyance of lots 23 and 24 to the defendants. The determination by the court below that the applicant is the owner of the land in question is based on the fact that La Salle street was so vacated, and that the conveyance of lots 23 and 24 did not include the intervening land, formerly a public street.

The appellants on this appeal urge: (1) That it was not shown that La Salle street was legally or duly vacated before conveyance of lots 23 and 24 was made to the defendants; (2) that even though La Salle street was in fact vacated prior to such conveyance, never-

theless title to the land between the lots described passed by the conveyance.

1. The applicant, to establish the vacation of the part of La Salle street here involved, introduced the record in the clerk's office of the petition of the owners of a majority of the abutting property for the vacation, and a resolution of the city council, passed pursuant thereto, vacating the street, together with proof of the publication of the resolution in the official paper and the record thereof in the office of the register of deeds, all as required and authorized by the charter of the city of St. Paul. It appeared, also, that a map or plat of the property in the vicinity of the street so vacated was filed in the office of the register of deeds, showing the street as vacated. The proceedings relating to the vacation of the street were properly shown. The record purporting to be a record in the office of the city clerk was properly received; no objection being made at the time that it was not in fact what it purported to be. The proceedings, as taken, constituted a legal vacation of the portion of La Salle street here involved, and constructive notice thereof. These proceedings were had long prior to the conveyance of lots 23 and 24 to the defendants.

2. The second question raised on this appeal was considered in White v. Jefferson, 110 Minn. 276, 124 N. W. 373, 125 N. W. 262, and a decision reached adverse to appellant's contention. That was an action to determine adverse claims involving the same land and between the same parties as the present proceeding. In that case this court held that the deed to defendants of lots 23 and 24 in Hewitt's outlots, First division, made after the vacation of the portion of La Salle street lying between those lots, conveyed to defendants the land within the lot lines as platted, and did not convey the intervening land—the land here involved. It was therein held that under a deed conveying lots by description according to a plat, after the vacation of a street on which the lots abutted, the grantee does not take any part of the land within the former street; that to include such land the purpose and intent so to do must be shown by the conveyance; and that the use of the lot numbers shown in the plat does not evidence an intention to include with the lot conveyed

the adjoining land to the center of the former street or any part of such land.

The case of White v. Jefferson has never proceeded to final judgment; the plaintiff having filed the present application to register title after the decision by this court in which a new trial was ordered. The rule, however, there announced, is decisive of this question, again raised on this appeal, unless the facts adduced at the hearing in the present case take it beyond the application of the rule.

Appellants claim that the evidence does show that it was the intent of the grantor in the deed to the defendants to convey the strip of land between lots 23 and 24, that this distinguishes the case as now presented from the former case, and that the deed should be construed to carry out the intent of the grantor. The evidentiary matters relied on as showing intent have reference to the position of the grantor, and not to the terms of the conveyance or the circumstances of the subject of the grant. The effect so claimed cannot be given to the intent of a grantor not disclosed by the conveyance. It is the intent evidenced by the terms of the deed, in connection with the situation of the subject of the grant, that is a controlling consideration in determining the meaning of the deed. Where there is no ambiguity in the terms of a conveyance, valid as made, its meaning cannot be varied by a particular purpose or intent existing in the mind of the grantor.

There appearing to be no errors in the record, and the conclusion arrived at by the trial court being sustained by the evidence and in accordance with the law applicable thereto, the judgment appealed from is affirmed.