HARRY T. DRAKE v. CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY.[1]

May 4, 1917.

Nos. 20,064—(40).

**Platted street — construction of dedication in plat.**

     1. A village plat dedicated a street to the public for street purposes
only, and expressly declared that upon the vacation of a street the title
should be in the platter, and further provided that the fee of the street
should not be included in or a part of any lot. The street has not been
vacated and is used as a public street. It is *held* that the fee of the
street remained in the platter, did not pass to the subsequent purchasers
of abutting property, but passed by a conveyance by the platter.

**Injunction against operation of railway in public street.**

     2. The operation of a commercial railroad upon a public street imposes
an additional servitude which a municipality cannot authorize; and one
injured in his private rights by such use, as is the owner of the fee
of the street, is entitled to relief against such use.

     Action in the district court for Nobles county to restrain defendant
from using or occupying any portion of a certain street in the village
of Worthington. The case was tried before Nelson, J., who made findings
and ordered judgment in favor of defendant. From the judgment en-
tered pursuant to the order for judgment, plaintiff appealed. Reversed.

     *Lightner & Young,* for appellant.

     *J. A. Town* and *Stringer & Seymour,* for respondent.

DIBELL, C.

     Action to enjoin the defendant from maintaining its railroad on a pub-
lic street in Worthington. There were findings and judgment for the
defendant and plaintiff appeals.

     1. Many years ago the Sioux City & St. Paul Railway Company platted,
as a part of the village of Worthington, certain lands which it then owned

[1]Reported in 162 N. W. 453.

on the easterly side of West Okabena lake, a meandered navigable body of water. By the plat a street along the lake, designated Lake street, was dedicated to the public. Easterly and abutting on the street were platted blocks which were afterwards conveyed to various parties. The plaintiff has succeeded to whatever title to the street, if any, remained in the company after the dedication and the conveyance of the abutting property. In 1909 the village of Worthington granted to the predecessor in title of the defendant the right to construct a railroad along Lake street. A railroad was constructed and is now owned and operated by the defendant. The street has not been vacated and is used for public travel. The plaintiff claims that he has the fee in the street subject to the public easement, that the defendant is wrongfully occupying it for railway purposes, and that such use should be enjoined. The defendant claims that the fee is in the abutting owners. The plat dedicates streets and alleys in the following language:

"The streets and alleys indicated on said plat are dedicated to the use of the public for streets and alleys only and in case of the vacation of any such streets or alleys by any competent authority the reversion and title in fee of such vacated streets or alleys is hereby expressly reserved and declared to be in said proprietors, and the fee of any part of any street or alley is declared not to be included in or as part of any lot herein."

The determination of the case rests upon the construction of this dedication. The work of construction consists in finding the intent of the platter. The fee of the street is not in the public nor in the village. It is either in the plaintiff or in the abutting owners. The presumption is that the owners of abutting property are the owners of the fee in the street. Rich v. City of Minneapolis, 37 Minn. 423, 35 N. W. 2, 5 Am. St. 861; In re Robbins, 34 Minn. 99, 24 N. W. 356, 57 Am. Rep. 40. Every intendment favors ownership in the abutters rather than a reservation of title in the platter, and to constitute such a reservation there must be something equivalent to an express declaration. See White v. Jefferson, 110 Minn. 276, 124 N. W. 373, 614, 125 N. W. 262, 32 L.R.A. (N.S.) 778, 784. The purchaser of abutting property takes subject to the conditions and limitations of the plat. Gilbert v. Eldridge, 47 Minn. 210, 49 N. W. 679, 13 L.R.A. 411; Wilder v. City of St. Paul, 12 Minn. 116 (192). The language of the dedication is not of doubtful meaning. It

was not intended that the title to the fee of the street should pass with the title to the abutting property. The dedication expressly negatives such intention by providing an exactly contrary result. The fee of the street remained in the platter and did not pass to subsequent purchasers of abutting property.

2. It is only necessary to add that the operation of a commercial railroad in a public street imposes an additional servitude which a municipality, as against private rights, cannot authorize; and when a railroad, without condemnation, makes such use, one injured in his private rights is entitled to relief against such use. Gustafson v. Hamm, 56 Minn. 334, 57 N. W. 1054, 22 L.R.A. 565; Lamm v. Chicago, St. P. M. & O. Ry. Co. 45 Minn. 71, 47 N. W. 455, 10 L.R.A. 268; Adams v. Chicago, B. & N. R. Co. 39 Minn. 286, 39 N. W. 629, 1 L.R.A. 493, 12 Am. St. 644; Carli v. Stillwater St. Ry. & T. Co. 28 Minn. 373, 10 N. W. 205, 41 Am. Rep. 290. The plaintiff is in such position.

We are not concerned upon this appeal with the rights of abutting owners, who do not own the fee of the street, when an additional servitude, such as is here shown, is imposed.

Judgment reversed.