George WELSH and Aldeen Welsh, Plaintiffs and Respondents,

v.

Martin B. MONSON, also known as M. B. Monson, Olga B. Monson, Oscar A. Hindemith, Irene A. Hindemith, Arthur F. Shipley, Henry T. Wadeson, Agnes M. Wadeson, and all persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the complaint in this action, Defendants and Appellants.

No. 7504.

Supreme Court of North Dakota.

Oct. 25, 1956.

Strutz, Jansonius & Fleck, Bismarck, for defendants, Oscar A. Hindemith and Irene A. Hindemith.

Hyland, Foster & Conmy, Bismarck, for defendants, Martin B. and Olga B. Monson.

Cox, Pearce & Engebretson, Bismarck, for respondents.

Register & Thompson, Bismarck, for appellants, Henry T. Wadeson and Agnes M. Wadeson.

GRIMSON, Judge.

This is an action to quiet title to Lot 6, including the South Half of the street adjoining Lot 6 on the north, in Block 82 Monson's Subdivision of McKenzie & Coffin's Addition to the City of Bismarck.

The property involved is included in the area known as McKenzie & Coffin's Addition to the City of Bismarck. Plat of that addition was filed Dec. 18, 1882, recorded in Book A. of Plats in the office of the Register of Deeds of Burleigh County. On August 15, 1947, a plat of Monson's Subdivision of part of McKenzie & Coffin's Addition to the City of Bismarck was filed and recorded in the office of the Register of Deeds of Burleigh County. Included in that subdivision were Block 82 and Block 87 of McKenzie & Coffin's Addition to the City of Bismarck. Between those two blocks, running east and west, Avenue F was laid out. On August 19, 1947, a resolution of the Board of City Commissioners of Bismarck was filed in the Register of Deeds Office and recorded in Book 268, p. 245, vacating the said Avenue F between Mandan St. and Third St. in the City of Bismarck which included Avenue F between Blocks 82 and 87 of Monson's Subdivision of McKenzie & Coffin's Addition to the City of Bismarck. Lot 6, Block 82

adjoined Avenue F on the south. Lot 12, Block 87 adjoined Avenue F on the north. Avenue F lay between the two lots involved.

The district court found for the plaintiff and quieted title to Lot 6, including the south half of Avenue F, adjoining Lot 6 of Block 82 on the north, subject to whatever rights the public may have therein under the dedication of the plats of McKenzie & Coffin's Addition and Monson's Subdivision, but giving defendants Hindemith the right to remove within reasonable time any part of any building they may have erected on said south half of Avenue F. The defendants appeal from the judgment and the whole thereof and demand a trial de novo.

The evidence shows that on January 12, 1950, Martin B. Monson, the owner of the Subdivision, and Olga B. Monson, his wife, conveyed by warranty deed to William S. Ogan and Catherine B. Ogan, his wife, "Lot 6 in Block 82 of Monson's Subdivision (with other property) of Block 82 of McKenzie & Coffin's Addition to the City of Bismarck, N. Dak." On June 19, 1951, the Ogans conveyed this property by warranty deed to George S. Welsh and Aldeen Welsh, his wife, the plaintiffs in this action.

About a year and a half later, on July 31, 1952, Martin B. Monson and Olga B. Monson, conveyed, by warranty deed to Henry Wadeson, the South 15.93 feet of Lot 12 and all of Avenue F between said Lot 12 and Lot 6, described by metes and bounds. On April 14, 1953, the Wadesons conveyed that identical property to Oscar A. Hindemith and Irene A. Hindemith, his wife, defendants in this action.

The main question involved in this action is whether the deed from Monsons to Ogans included title to the center of Avenue F adjoining Lot 6 on the north.

■ As a general rule and under our statutes a conveyance by an owner of land bounded by a street or a highway carries the fee to the center of the way unless the contrary is shown. 11 C.J.S., Boundaries, § 35, p. 580. Section 47–1010, NDRC 1943, provides:

"A transfer of land bounded by a highway passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." See also Bichler v. Ternes, 63 N.D. 295, 248 N.W. 185.

Section 47–0916, NDRC 1943, provides:

"A transfer vests in the transferee all the actual title to the thing transferred which the transferor then has unless a different intention is expressed or is necessarily implied. It also transfers all its incidents unless expressly excepted, but the transfer of an incident to a thing does not transfer the thing itself."

The South Dakota Court in Sweatman v. Bathrick, 17 S.D. 138, 95 N.W. 422, had identical statutes for interpretation and held:

"Under Comp.Laws 1887, § 2783, providing that an owner of land bounded by a public way is presumed to own to the center of the way, unless the contrary is shown, and section 3252, providing that a transfer of land bounded by a highway passes title to the center thereof, unless a different intent appears, a conveyance of property fronting on a road or street will be presumed to carry title to the center of the way, unless the fee therein is expressly reserved."

The plaintiffs claim that under our statutes and the authorities, they own, by virtue of their deed, to the center of Avenue F adjoining Lot 6 on the north subject to the easement for street purposes. No reservation was made in the deed regarding the south half of Avenue F. Defendants,

however, claim that Avenue F was vacated prior to the issuance of the deed to the Ogans and that, therefore, the grant from the Monsons to the Ogans and from the Ogans to plaintiffs of Lot 6 transferred title to them only to the south boundary of what had been Avenue F, and that by virtue of their deed from Monson they are the owners of all of Avenue F between Lots 6 of Block 82 and 12 of Block 87.

■ On this question of whether, on the vacation of a street, the conveyance by the owner of a lot adjoining the street still passes title to the center of the street, there is considerable authority. By a casual reading thereof there appears a divergence of opinion. When, however, the cases are carefully analyzed and the facts in each case considered the majority of decisions can be reconciled. The conclusion generally arrived at is that, unless there is a particular reservation in the deed, the title to the center of the street is passed by the conveyance of the abutting property owner except in cases where the street has been vacated in the manner provided by law. See Annotations 123 A.L.R. 542, 32 L.R.A.,N.S., 778, 784; Lewis v. City of Seattle, 174 Wash. 219, 24 P.2d 427, 27 P. 2d 1119; Raleigh-Hayward Co. v. Hull, 167 Wash. 39, 8 P.2d 988; White v. Jefferson, 110 Minn. 276, 124 N.W. 373, 125 N.W. 262, 32 L.R.A.,N.S., 778, 784; Anderson v. Citizens' Savings & Trust Co., 185 Cal. 386, 197 P. 113; Paine v. Consumers' Forwarding & Storage Co. 6 Cir., 71 F. 626.

■ The question then arises whether Avenue F was legally vacated prior to the deed to the Ogans.

Section 40–5001, NDRC 1943, was in effect when Monson filed the plat of Monson's Subdivision. Such plat did describe particularly the streets and alleys, together with the names, width, courses, boundaries, and the extent of all such streets and alleys as provided by said section. Monson's plat complied with those requirements. The filing of the plat constitutes an offer by the owner to dedicate such streets and avenues to public use. The dedication is completed by action on behalf of the public by use thereof or by some action of the public authorities. 1 Roads and Streets, Elliott, Section 122, p. 141.

The plat of Monson's Subdivision dedicated Avenue F, here involved, to public use for a street. The evidence shows that no steps to vacate that plat were taken under Section 40–5020, NDRC 1943, which provides that the proprietors of a plat may vacate their plat. Plaintiffs claim that the only method of vacating a plat was by procedure under that section and cited Ramstad v. Carr, 31 N.D. 504, 154 N.W. 195, 203, L.R.A.1916B, 1160, where the court said:

"As the dedication was made by the statutory method of filing a plat, and the sale of lots by the owner with reference thereto, it could be withdrawn only by a vacation of the plat under the statute. [Cases cited.]"

That statement, however, was made on the strength of the premises stated earlier in that opinion, as follows:

"The recording of the plat, and sale of lots by owner with reference thereto, was a grant by the owner to the public of the public places marked on the plat. This grant, it is true, was not binding upon, or effective against the municipality until accepted by it; but the tender of conveyance on the part of the owner continued *until withdrawn by the owner, or until it was rejected by the municipality.*" (Emphasis supplied.)

In the case at bar Avenue F was vacated by the City Commission under Chapter 40–39, NDRC 1943, so the Ramstad case does not apply.

When all the adjoining land owners, (In this case Monson was the only one) signed the petition for a vacation of Avenue F, the City Commission had the authority un-

der Chapter 40–39, NDRC 1943, and did, by passing a resolution, grant the petition and vacate Avenue F. Thereupon Monson remained the sole owner of Avenue F. Section 40–3908, NDRC 1943, after providing for the publication and recording of the resolution, reads: "And such resolution thereafter shall have the effect of conveying to the abutting property owners all of the right, title, and interest of the municipality to the property vacated." Avenue F was legally vacated.

The resolution vacating Avenue F was recorded August 28, 1947. The deed from Monson to the Ogans, plaintiffs' predecessors in title, was executed on Jan. 12, 1950, and recorded on Jan. 18, 1950, more than two years afterwards. The resolution was a public record and shows in the abstract of title. There is no evidence of Avenue F ever having been used by the public as a street. The Ogans and the plaintiffs were, under the circumstances of this case, bound by the resolution. They cannot claim anymore than the actual boundaries of Lot 6. In Hagen v. Bolcom Mills, 74 Wash. 462, 133 P. 1000, 134 P. 1051, the court held that:

"* * * Subsequent purchasers do not buy with reference to a platted street where there is none at the time of their purchase." See also Patton on Titles, Section 92, p. 314; White v. Jefferson, 110 Minn. 276, 124 N.W. 373, 125 N.W. 262, 32 L.R.A.,N.S., 778, 784; Raleigh-Hayward Co. v. Hull, 167 Wash. 39, 8 P.2d 988.

In Brown v. Taber, 103 Iowa 1, 72 N.W. 416, 417, the court said:

"The only effect of vacating was to withdraw it from the public use. In the words of Lowe, C. J., in Milburn v. City of Cedar Rapids, 12 Iowa 246:

The lots are 'designated by numbers, and it is simply by those numbers that they are conveyed, as they are known to represent the particular lot, with its specific boundary as represented on the map. Under such circumstances there is no room to indulge in the presumption that the purchaser takes any more land than is contained within the defined lines of the lot.' "

While an amended plat was not filed in the instant case, the resolution of the City Commissioners vacating Avenue F was of record and "in legal effect an amendment of the plat of such addition, and all who bought thereafter took with notice of the vacation." Hagen v. Bolcom Mills, 74 Wash. 462, 133 P. 1000, 134 P. 1051. The petition of Monson to the City Commission to vacate Avenue F, the resolution vacating said Avenue F, the publishing and recording thereof was notice to the plaintiffs and their predecessor in title that Avenue F was legally vacated and that the deed Monson gave them to Lot 6 did not give them any rights to any part of the vacated Avenue F. Their title to Lot 6 was bounded by the north line of said lot as shown in the plat. The plaintiffs' title to said Lot 6 will be quieted only as far as the north boundary line of Lot 6. They have no interest in the land that was Avenue F.

This disposes of the issue in the case and it will be unnecessary to consider any other questions raised on the trial.

The judgment of the district court is modified and the case remanded to the district court with directions to enter judgment in accordance herewith.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.